UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| CARLOS CRUZ-PEREZ,<br><br>    Petitioner,<br><br>v.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7:17-168-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Carlos Cruz-Perez is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Cruz-Perez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Cruz-Perez's petition.

After Cruz-Perez was convicted of a drug-related crime, immigration officials deported him to the Dominican Republic.[1] Nevertheless, Cruz-Perez returned to the United States without legal authority and, in 2013, he was convicted of additional drug-related crimes in New York state court. While Cruz-Perez was serving time in state prison, federal prosecutors in the Eastern District of New York charged him with illegal re-entry after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(a). Cruz-Perez pled guilty to that charge. Then, in February 2015, while Cruz-Perez was still serving time in state custody, the United States District Court for the Eastern District of New York sentenced him to a term of imprisonment of "77 months in total: 35

---

[1] This procedural history comes from Cruz-Perez's petition and attached documents at R. 1, as well as his underlying criminal case of *United States v. Cruz-Perez*, No. 1:14-cr-273 (E.D.N.Y. 2014).

months of which to run concurrently with the undischarged portion of the defendant's state court sentence, and the remainder of which to run consecutively to defendant's state court sentence." According to Cruz-Perez, about 20 months later, in October 2016, he was released from state custody and placed in a federal prison, where he is now serving out the rest of his sentence for violating § 1326(a).

Cruz-Perez exhausted his administrative remedies and filed a § 2241 petition with this Court, arguing that the Bureau of Prisons improperly calculated the date of his release from federal prison. As best as the Court can tell from Cruz-Perez's petition, he acknowledges that his federal sentence began to run in February 2015 when the federal district court imposed its sentence and concedes that he received credit for the 20 months he spent in state prison from February 2015 until October 2016. That said, Cruz-Perez appears to be arguing that he should have also received an additional 15 months of credit for time he spent in state custody before his federal sentence was even imposed.

Cruz-Perez's argument is without merit. That is because when a federal district court directs that the defendant's federal sentence is to run concurrent with the undischarged term of a previously-imposed state sentence, the federal sentence only runs concurrent with the portion of the state sentence that remains to be served. *See Pitman v. Bureau of Prisons*, No. 09-cv-383-GFVT, 2011 WL 1226869, *4 (E.D. Ky. 2011); *Staley v. Patton*, No. 07-cv-122-HRW, 2009 WL 256745, *3 (E.D. Ky. 2009); *Belcher v. Cauley*, No. 08-cv-132-HRW, 2009 WL 464932, *2 (E.D. Ky. 2009). Here, when the federal district court imposed its sentence on Cruz-Perez, he apparently only had approximately 20 months left to serve on his state sentence. Thus, the Bureau of Prisons properly determined that Cruz-Perez's federal sentence only ran concurrent with those 20 months. Therefore, Cruz-Perez's petition is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Cruz-Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED.**

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated November 29, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY